ENTERED
MAY - 9 2012
IN REGISTER BY RRM

FILED
12 MAY -9 PM 1:39
CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| T.R., an individual proceeding under a fictitious name; A.C., an individual proceeding under a fictitious name; M.D., an individual proceeding under a fictitious name; and H.G., an individual proceeding under a fictitious name,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Oregon; and CASCADE PACIFIC COUNCIL, BOY SCOUTS OF AMERICA, an Oregon non-profit corporation,<br><br>Defendants. | Case No. **1205-05857**<br><br>**05857**<br><br>**COMPLAINT**<br><br>(Sexual Abuse of a Child / *Respondeat Superior*, Intentional Infliction of Emotional Distress / *Respondeat Superior*, Negligence, Fraud)<br><br>JURY TRIAL DEMANDED<br><br>Not Subject to Mandatory Arbitration<br><br>Prayer Amount: $21,000,000 |

(Common Allegations):

1.

Plaintiff T.R. is an adult male born in the year 10/16/61. Plaintiff A.C. is an adult male born in the year 1964. Plaintiff M.D. is an adult male born in the year 1962. Plaintiff H.G. is an adult male born in the year 1962. Plaintiff T.R., Plaintiff A.C., Plaintiff M.D. and Plaintiff H.G. will hereinafter be referred to collectively as "Plaintiffs." (The phrase "each Plaintiff" will refer to each and every Plaintiff named in the caption of this Complaint.) At all times relevant to the acts alleged in this complaint Plaintiffs were unemancipated minors who were invited to participate in meetings, events, and activities promoted or sponsored by Defendants or agents of the Defendants.

Page 1    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

2.

Defendant Boy Scouts of America (hereinafter "Defendant BSA") is a congressionally-chartered corporation authorized to do business in Oregon. Defendant Cascade Pacific Council, Boy Scouts of America (hereinafter "Defendant CPC") is an Oregon nonprofit corporation. Defendant BSA and Defendant CPC will be referred to collectively as "Defendants." At all times relevant to this Complaint, Defendants invited participation of boys, including Plaintiffs in this case, in their Scouting program and selected adults to serve as Scout Leaders.

3.

At all times relevant to this Complaint, Defendants selected or accepted Steven Terry Hill (hereinafter "Hill") for the position of Scoutmaster, or in a similar capacity, for the Boy Scout Troop to which Plaintiffs belonged. As a Scout Leader, Hill's role was to educate, mentor, befriend, counsel, and train young boys like Plaintiffs in morality, patriotism, and various life skills.

4.

Defendants empowered Hill to perform all duties of a Scout Leader including the power to provide instruction, counseling, moral guidance, physical supervision of boys participating in Boy Scout's programs and activities, and the power to enforce the rules governing the boys' participation, as well as other duties. Defendants knew that as part of his duty as a Scout Leader, Hill would be in a position of trust, confidence, and authority over the boys involved, including Plaintiffs in this case. Defendants retained the right to control the means and methods used by Scout Leaders in fulfilling these duties for Defendants.

5.

While performing duties as a Scout Leader, and for the purpose of furthering his duties required in that role, Hill befriended Plaintiffs; gained the trust and confidence of Plaintiffs and their families as instructors, guides, mentors, counselors, and authority figures; and gained the permission, acquiescence, and support of Plaintiffs' families to spend substantial periods of time

Page 2    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 2 of 18

alone with Plaintiffs. As a result, Plaintiffs were conditioned to trust Hill to comply with his directions, and to respect Hill as a person of authority in moral and ethical matters. This course of conduct is referred to in this Complaint as "Grooming."

6.

Using his authority and position of trust as Scout Leader, and through the Grooming process, Hill induced and directed Plaintiffs to engage in various sexual acts with Hill. Hill's Grooming and/or Hill's authorized activities as a Scout Leader led to and resulted in the sexual abuse of Plaintiffs, discussed below. Hill's Grooming actions and/or his actions as a Scout Leader to Plaintiffs were (1) committed in direct connection and for the purposes of fulfilling his employment and agency with Defendants; (2) committed within the time and space limits of his agency as a Scout Leader; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as a Scout Leader; (5) consisted generally of actions of a kind and nature which Hill was required to perform as a Scout Leader; and (6) done at the direction of, and pursuant to, the power vested in him by the Defendants. Defendants, through their agents, had a right to control Hill's Grooming of children in Scouting as a Scout Leader and/or his interactions with those children as a Scout Leader.

7.

Hill engaged in intentional conduct resulting in one or more of the following effects: physical injury, mental injury, rape, sexual abuse, and/or sexual exploitation of Plaintiffs as those terms are used in ORS 12.117. Specifically:

(a) Hill sexually abused and molested Plaintiff T.R. between 1976 and 1977, including fondling, masturbation, and oral sex.

(b) Hill sexually abused and molested Plaintiff A.C. between 1976 and 1977, including fondling and oral sex.

(c) Hill sexually abused and molested Plaintiff M.D. between 1976 and 1977, including fondling and oral sex.

Page 3     COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  (d)  Hill sexually abused and molested Plaintiff H.G. between 1976 and 1977,
2       including fondling, masturbation, oral sex and anal sex.

3                                    8.

4  As a result of Hill's sexual abuse, molestation, and breach of authority, trust, and position
5  as Scout Leader, each Plaintiff suffered non-economic damages as follows:

6  (a)  Plaintiff T.R. suffered and/or continues to suffer severe and debilitating physical,
7       mental, and emotional injury, including pain and suffering, physical and
8       emotional trauma, and permanent psychological damage, all to his non-economic
9       damages in the amount of $5,000,000.00, the exact amount of which will be
10      proven at the time of trial;

11 (b)  Plaintiff A.C. suffered and/or continues to suffer severe and debilitating physical,
12      mental, and emotional injury, including pain and suffering, physical and
13      emotional trauma, and permanent psychological damage, all to his non-economic
14      damages in the amount of $5,000,000.00, the exact amount of which will be
15      proven at the time of trial;

16 (c)  Plaintiff M.D. suffered and/or continues to suffer severe and debilitating physical,
17      mental, and emotional injury, including pain and suffering, physical and
18      emotional trauma, and permanent psychological damage, all to his non-economic
19      damages in the amount of $5,000,000.00, the exact amount of which will be
20      proven at the time of trial; and

21 (d)  Plaintiff H.G. suffered and/or continues to suffer severe and debilitating physical,
22      mental, and emotional injury, including pain and suffering, physical and
23      emotional trauma, and permanent psychological damage, all to his non-economic
24      damages in the amount of $5,000,000.00, the exact amount of which will be
25      proven at the time of trial.

26

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Page 4    COMPLAINT

Exhibit A - Page 4 of 18

9.

As an additional result and consequence of Hill's sexual abuse, each Plaintiff suffered economic damages as follows:

    (a) Plaintiff T.R. incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

    (b) Plaintiff A.C. incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial;

    (c) Plaintiff M.D. incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial; and

    (d) Plaintiff H.G. incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

10.

In 2011, Plaintiff T.R. discovered the causal connection between his abuse, as set forth in paragraphs 6 and 7 above, and the damages suffered as a result of the abuse, as set forth in paragraphs 8 and 9, above. Prior to 2011, Plaintiff T.R. did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse. The psychological effects of the abuse Plaintiff T.R. suffered prevented Plaintiff T.R. from discovering the causal connection between the abuse and the

Page 5    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 5 of 18

1  damages he suffered as a result of the abuse.

11.

In 2011, Plaintiff A.C. discovered the causal connection between his abuse, as set forth in paragraphs 6 and 7 above, and the damages suffered as a result of the abuse, as set forth in paragraphs 8 and 9, above. Prior to 2011, Plaintiff A.C. did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse. The psychological effects of the abuse Plaintiff A.C. suffered prevented Plaintiff A.C. from discovering the causal connection between the abuse and the damages he suffered as a result of the abuse.

12.

In 2011, Plaintiff M.D. discovered the causal connection between his abuse, as set forth in paragraphs 6 and 7 above, and the damages suffered as a result of the abuse, as set forth in paragraphs 8 and 9, above. Prior to 2011, Plaintiff M.D. did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse. The psychological effects of the abuse Plaintiff M.D. suffered prevented Plaintiff M.D. from discovering the causal connection between the abuse and the damages he suffered as a result of the abuse.

13.

In 2011, Plaintiff H.G. discovered the causal connection between his abuse, as set forth in paragraphs 6 and 7 above, and the damages suffered as a result of the abuse, as set forth in paragraphs 8 and 9, above. Prior to 2011, Plaintiff H.G. did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse. The psychological effects of the abuse Plaintiff H.G. suffered prevented Plaintiff H.G. from discovering the causal connection between the abuse and the damages he suffered as a result of the abuse.

Page 6       COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 6 of 18

## FIRST CLAIM FOR RELIEF
Each Plaintiff Against All Defendants
(Sexual Battery of a Child/*Respondeat Superior*)

14.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 13, above.

15.

While acting in the course and scope of his agency for Defendants, Hill induced and directed Plaintiffs to engage in various sexual acts with Hill, as set forth in paragraphs 6 and 7, above. These acts constituted a harmful or offensive touching of Plaintiffs to which Plaintiffs could not consent.

16.

As result and consequence of Hill's sexual battery, Plaintiffs have each incurred damages as set forth in paragraphs 8 and 9, above.

17.

In molesting Plaintiffs, Hill acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety and welfare of Plaintiffs. Punitive damages against an agent are attributable to a principal when a tort is committed in the course and scope of agency. Each Plaintiff hereby provides notice of his intent to move to add allegations of punitive damages against Defendants at any time after the filing of this Complaint.

## SECOND CLAIM FOR RELIEF
Each Plaintiff Against All Defendants
(Negligence)

18.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 17, above.

Page 7    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 7 of 18

(COUNT I)

19.

Defendants created a special relationship with each Plaintiff by inviting and encouraging each Plaintiff to participate in Boy Scout activities with Scout Leader Hill. This special relationship created a duty of care on the part of Defendants to ensure each Plaintiff's safety while participating in Defendants' activities. Alternatively or in conjunction with the above, Defendants affirmatively created a dangerous condition in Plaintiffs' Troop by not excluding Hill from participation in Scouting after learning of Hill's molestation of Scouts as described in paragraph 20, below.

20.

Prior to installing Hill as a Scout Leader in Plaintiffs' troop – and therefore prior to all of the abuse suffered by each Plaintiff at the hands of Hill – Defendants were aware that, while acting as a Scout Leader, Hill had sexually abused a boy scout in California. Despite the knowledge that Hill had previously abused a boy scout in California and was abusing boys in Plaintiffs' troop, Defendants nevertheless failed to exclude Hill from contact with Scouts.

21.

Defendants created a foreseeable risk of Hill abusing Scouts, including Plaintiffs, by failing to undertake reasonable child abuse prevention measures in the following particular ways:

1.  Defendants failed to notify all Scout parents, including the parents of Plaintiffs, about Hill's history of abuse and dangerousness;
2.  Defendants failed to report Hill to law enforcement;
3.  Defendants failed to train Scout Leaders, parents, and Scouts in how to recognize, report, and prevent child abuse;
4.  Defendants failed to implement common sense child abuse prevention policies; and

Page 8     COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 8 of 18

5. Defendants failed to exclude Hill from acting as a Scout Leader or otherwise having contact with Scouts.

These actions were a substantial contributing and causal factor to the abuse of each Plaintiff.

22.

It was foreseeable to Defendants that known child predators would continue to engage in serial abuse of minors under their care. Each Plaintiff was a member of the class of individuals to be protected by reasonable child abuse prevention measures in Scouting as described in paragraph 21, above, and such measures would have prevented some or all of each Plaintiff's abuse.

23.

Defendants' acquiescence to Hill's continued involvement in Boy Scout activities after learning of Hill's abuse of boys as described in paragraph 20 created a foreseeable risk of harm to the safety of children in the care of the Defendants, including Plaintiffs. Defendants therefore knowingly allowed, permitted, or encouraged child abuse. Each Plaintiff's interest in being free from sexual molestation is an interest of a kind that the law protects against negligent invasion. Defendants' failure to undertake reasonable child abuse prevention measures as described in paragraph 21, above, was unreasonable in light of the risk posed by Hill to minor boys, including Plaintiffs, and these failures were direct and foreseeable causes of some part of each Plaintiffs' molestation and damages as alleged in paragraphs 6, 7, 8, and 9, above.

24.

In 2011, each Plaintiff discovered the Defendants' negligence, as described in paragraphs 18 through 23, above. Specifically, in 2011, each Plaintiff learned that Defendants had knowledge about the institution-wide problem of Scout leaders sexually abusing Scouts prior to the abuse Plaintiffs suffered. Moreover, in 2011, each Plaintiff learned that, despite this knowledge, Defendants failed to protect Plaintiffs from or warn Plaintiffs about the risk of sexual abuse in Scouting. Finally, in 2011, each Plaintiff discovered these Defendants' causal role in

Page 9    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 9 of 18

1  the injuries he suffered as described in paragraph 6 through 9, above. Prior to 2011, Plaintiffs
2  did not learn about the Defendants' negligence or its causal role in the injuries each Plaintiff
3  suffered, and a reasonable inquiry by a teenage victim of sexual abuse would not have revealed
4  this information. Accordingly, each Plaintiff's claims are timely.

5                                          25.

6       In acting or failing to act as alleged in paragraphs 18 through 24, above, Defendants acted
7  with a reckless and outrageous indifference to a highly unreasonable risk of harm and with a
8  conscious indifference to the health, safety and welfare of Plaintiffs. Each Plaintiff hereby
9  provides notice of his intent to move to add allegations of punitive damages against Defendants
10 at any time after the filing of this Complaint.

11
12                                     (COUNT II)
13                                          26.

14      Defendants created a special relationship with each Plaintiff by inviting and encouraging
15 him to participate in Boy Scout activities with their Scout Leaders Hill. That relationship created
16 a duty on the part of Defendants to ensure that Scouting programs were made as reasonably safe
17 as possible from known dangers. Alternatively or in conjunction with the above, from at least
18 the 1960's, if not earlier, Defendants knew that Scout Leader positions were being used by
19 predatory child molesters to victimize children, and that Defendants had an institution-wide or
20 systemic child abuse problem. Despite this knowledge, Defendants failed to warn parents and
21 Scouts of the risk of child molestation inherent to the Scouting program, failed to implement
22 reasonable child abuse prevention measures in Scouting, as described in paragraph 21, above,
23 and failed to change their process for selecting and monitoring Scout Leaders. Defendants knew
24 that such failures would reasonably lead to at least some number of other boys being sexually
25 abused by Scout Leaders while participating in the Boy Scouts.
26

Page 10    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 10 of 18

27.

Defendants' negligence was a substantial contributing and causal factor to the abuse of Plaintiffs. Because of the duration and consistency of child molestation in Scouting, Defendants' knowing failure to warn, implement reasonable child abuse prevention measures in Scouting (as described in paragraph 21), or change screening or monitoring procedures created a foreseeable risk of harm to the safety of children in the care of Defendants, including Plaintiffs in this case. Each Plaintiff was a member of the class of individuals to be protected by a warning about Scouting's dangers, by alternate child abuse policies, and by screening, and/or monitoring of Scout Leaders. Such policies and procedures would have protected each Plaintiff from some or all of his abuse.

28.

Defendants' institutional negligence was a direct and foreseeable cause of each Plaintiff's molestation and damages as alleged in paragraphs 6, 7, 8, and 9, above.

29.

In 2011, each Plaintiff discovered the Defendants' negligence, as described in paragraphs 26 through 28, above. Specifically, in 2011, each Plaintiff learned that Defendants had knowledge about the institution-wide problem of Scout leaders sexually abusing Scouts prior to the abuse each Plaintiff suffered. Moreover, in 2011, each Plaintiff learned that, despite this knowledge, Defendants failed to protect Plaintiffs from or warn Plaintiffs about the risk of sexual abuse in Scouting. Finally, in 2011, each Plaintiff discovered these Defendants' causal role in the injuries he suffered as described in paragraph 6 through 9, above. Prior to 2011, Plaintiffs did not learn about the Defendants' negligence or its causal role in the injuries each Plaintiff suffered, and a reasonable inquiry by a teenage victim of sexual abuse would not have revealed this information. Accordingly, each Plaintiff's claims are timely.

////

////

Page 11   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

30.

In failing to implement sufficient child abuse policies upon learning not later than the 1960s that predatory child molesters were using Scouting as a means to access victims, Defendants acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety and welfare of individual Boy Scouts, including Plaintiffs. Each Plaintiff hereby provides notice of his intent to move to add allegations of punitive damages against Defendants at any time after the filing of this Complaint.

**FOURTH CLAIM FOR RELIEF**
Each Plaintiff Against All Defendants
Fraud

31.

Each Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30, above.

32.

At all times relevant to this complaint, Defendants invited and encouraged each Plaintiff to participate in the Scouting program that they administered and controlled, all the while promoting their program as being safe and beneficial for boys, physically, emotionally, and spiritually. This invitation created a special, fiduciary relationship as described in paragraphs 2 through 5, above, wherein each Plaintiff and his parents relied upon Defendants' expertise and judgment in selecting morally upright men to lead Boy Scout Troops.

33.

No later than the 1960s, Defendants knew that Scouting posed a danger to adolescent boys because historically noticeable numbers of the adult volunteers participating in Scouting were discovered to be child molesters who used Scouting to gain access to and the trust of Scouts, including Scouts such as Plaintiffs. In addition, no later than 1975, prior to his installment as Scoutmaster of Troop 76 in Oregon, Defendants knew that Hill posed a specific

Page 12   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 12 of 18

1  danger to adolescent boys because he was known to have previously sexually abused a boy scout
2  in California. Defendants had a duty to disclose known threats to the health and safety of the
3  minors involved with their organization. In the first alternative, Defendants' invitation to each
4  Plaintiff to participate in Scouting upon payment of a fee required Defendants to disclose all
5  matters material to the entering into the transaction, and the relative incidence of child
6  molestation by Scout Leaders as well as the specific dangerousness of Scout Leader Hill would
7  have been particularly material to each Plaintiff's decision to enter into the transaction with
8  Defendants. In the second alternative, Defendants actively concealed the problem of child
9  molestation by Scout leaders as well as the specific dangerousness of Scout Leader Hill, and no
10 duty to disclose is required to state a claim for fraud.

34.

12 Defendants' knowledge of the dangers and prevalence of child molesters in Scouting as
13 well as the specific dangerousness of Scout Leader Hill constituted material facts because
14 Plaintiffs would not have entered into a relationship with Defendants, the Scouting program, Hill,
15 or any other of Defendants' agents had they been aware of these facts. Defendants' knowledge of
16 the use of Scouting by child molesters, including Hill, in light of their failure to change the BSA
17 program, policies, or procedures that in the past had been frequently used by molesters to harm
18 boys, including Hill, amounted to knowingly allowing, permitting or encouraging child abuse
19 within the meaning of ORS 12.117.

35.

21 Defendants fraudulently misrepresented and failed to disclose, and/or actively concealed
22 the dangers and prevalence of child molesters in Scouting as well as the specific dangerousness
23 of Scout Leader Hill (the "Omissions").

36.

25 Defendants knew that the Omissions were false representations or made the Omissions
26 with reckless disregard for the truth. Defendants made the Omissions with the intent of inducing

Page 13   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 13 of 18

Plaintiffs (and other children similarly situated), each Plaintiff's parents (and other parents and guardians similarly situated), and the community at large to rely on the Omissions and thereby continue to trust Defendants and their agents.

37.

Each Plaintiff and his parents relied on the Omissions in allowing Plaintiffs to engage in a trust relationship with Defendants and their agents. The reliance of each Plaintiff and his parents was justified because they did not know, nor could they have known, that Defendants knew of a decades-long history of child molesters using Scouting to obtain victims as well as a specific history of such conduct by Scout Leader Hill.

38.

Each Plaintiff and his parents reasonably relied on the Omissions by Defendants, as well as Defendants' conduct in maintaining the same policies and procedures for the Scouting program, and reasonably believed that neither Scouting nor Scout Leader Hill posed a known danger to Scouts. Each Plaintiff and his parents acted to their detriment in allowing Plaintiffs to participate in Scouting based on this reliance.

39.

As a direct consequence of Defendants' Omissions as described in paragraphs 31 through 35, above, each Plaintiff suffered the molestation and damages as alleged in paragraphs 6, 7, 8, and 9, above. By way of its Omissions, Defendants acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety and welfare of individual Boy Scouts, including Plaintiffs. Each Plaintiff hereby provides notice of his intent to move to add allegations of punitive damages against Defendants at any time after the filing of this Complaint.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. Non-economic damages for Plaintiff T.R. in the amount of $5,000,000.00, the

Page 14   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 14 of 18

1  exact amount to be determined by the jury at the time of trial;

2.  Economic damages for Plaintiff T.R. in the amount of $250,000.00, the exact amount to be determined by the jury at the time of trial;

3.  Non-economic damages for Plaintiff A.C. in the amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

4.  Economic damages for Plaintiff A.C. in the amount of $250,000.00, the exact amount to be determined by the jury at the time of trial;

5.  Non-economic damages for Plaintiff M.D. in the amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

6.  Economic damages for Plaintiff M.D. in the amount of $250,000.00, the exact amount to be determined by the jury at the time of trial;

7.  Non-economic damages for Plaintiff H.G. in the amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

8.  Economic damages for Plaintiff H.G. in the amount of $250,000.00, the exact amount to be determined by the jury at the time of trial;

9.  For Plaintiffs' costs and disbursements incurred; and

10. For any other relief this Court deems just and equitable.

DATED this 8th day of May, 2012.

O'DONNELL CLARK & CREW LLP

*[signature]*

Stephen F. Crew, OSB No. 781715
Peter Janci, OSB No. 074249
stevec@oandc.com
peterj@oandc.com

*Of Attorneys for Plaintiffs*

Page 15    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 15 of 18

```
                                         ENTERED
                                         MAY 10 2012
                                         IN REGISTER CDR
```

*(FILED 12 MAY -9 PM 1:39 FOR CIRCUIT COURT MULTNOMAH COUNTY)*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| T.R., an individual proceeding under a fictitious name; A.C., an individual proceeding under a fictitious name; M.D., an individual proceeding under a fictitious name; and H.G., an individual proceeding under a fictitious name,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Oregon; and CASCADE PACIFIC COUNCIL, BOY SCOUTS OF AMERICA, an Oregon non-profit corporation,<br><br>Defendants. | Case No. **1205-05857**<br><br>*EX PARTE* MOTION AND ORDER FOR DESIGNATION OF KNOWN PARTY BY FICTITIOUS NAME |

**MOTION**

Plaintiffs, by and through counsel Kristian Roggendorf, hereby moves this Court for an order allowing Plaintiffs to proceed under a fictitious name as set out in the above caption.

Plaintiffs have claims for damages arising out of sexual molestation as a minor. Defendants are aware or will be promptly made aware of Plaintiffs' identity and thus will not be prejudiced by Plaintiffs proceeding under a fictitious name. Plaintiffs' claims are sensitive and private in nature and proceeding under a fictitious name will minimize additional fear, embarrassment, humiliation, and possible retaliation from third parties that public disclosure of Plaintiffs' identity might otherwise generate.

////

////

---

Page 1   *EX PARTE* MOTION AND ORDER FOR DESIGNATION OF KNOWN PARTY BY FICTITIOUS NAME

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Case 3:12-cv-00831-KI    Document 1-1    Filed 05/10/12    Page 17 of 18

## POINTS AND AUTHORITIES

Multnomah County SLR 2.035 provides:

In civil actions, the designation of a known party by a name other than the party's true name shall be allowed only upon an order of the Court. If ordered, the designation of such party shall be by use of such party's initials or a fictitious name other than "Jane Doe" or "John Doe." The name "Jane Doe" or "John Doe" is reserved to be used for a party whose identity is unknown and the party is being designated as provided in ORCP 20H.

DATED this 8th day of May, 2012.

O'DONNELL CLARK & CREW LLP

/s/ Stephen Crew
Stephen F. Crew, OSB No. 781715
Peter Janci, OSB No. 074249
O'DONNELL CLARK & CREW LLP
1650 NW Naito Parkway, Suite 302
Portland, OR 97209
503-306-0224 Office
503-306-0257 Fax
stevec@oandc.com
peterj@oandc.com

*Of Attorneys for Plaintiff*

Page 2   *EX PARTE* MOTION AND ORDER FOR DESIGNATION OF KNOWN PARTY BY FICTITIOUS NAME

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

Exhibit A - Page 17 of 18

1

2                                    **ORDER**

3      The request for designation of Plaintiffs by a fictitious name is:

4              ☑ Granted              ☐ Denied

5      Plaintiffs shall be allowed to proceed in this matter under the above caption.

6              Dated this _____ day of May, 2012.

7              MAY 04 2012

8                                                          _____
                                                           Presiding Judge
9

10  **SUBMITTED BY:**
    Peter Janci, OSB No. 074249
11  O'DONNELL CLARK & CREW LLP
    1650 NW Naito Parkway, Suite 302
12  Portland, OR 97209
    503-306-0224 Office
13  503-306-0257 Fax
    peterj@oandc.com
14
        *Of Attorneys for Plaintiff*
15

16

17

18

19

20

21

22

23

24

25

26

Page 3    *EX PARTE* MOTION AND ORDER FOR DESIGNATION OF
          KNOWN PARTY BY FICTITIOUS NAME

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX (503) 306-0257

Exhibit A - Page 18 of 18